# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GREGORY JAMES RAGER,

                Petitioner,

   v.

JOHN HENLEY,

               Respondents.

Case No. 3:26-cv-00355-ART-CLB

ORDER

*Pro se* Petitioner Gregory James Rager has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, an Application to Proceed *In Forma Pauperis* ("IFP"), Motion for Appointment of Counsel, and a Motion for Temporary Restraining Order. ECF Nos. 1, 1-1, 1-2, 2. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court finds that the petition is wholly unexhausted and dismisses the petition without prejudice.

## I.    Background

Rager challenges a 2024 conviction and sentence imposed by the Eighth Judicial District Court for Clark County. On February 20, 2024, the state district court entered a judgment of conviction, pursuant to a guilty plea, for attempt burglary. The state district court sentenced Rager to a term of five to 20 years under the small habitual criminal statute. Rager did not file a direct appeal.

Rager has filed six motions to modify his sentence, a motion for extradition hearing, two motions for reconsideration, four motions for appointment of counsel, a motion for release, two motions to withdraw guilty plea, and two

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

motions for resentencing. It appears that the state district court has denied all his motions. Rager appealed the denial of one of his motions for appointment of counsel and one of his motions for resentencing, which remain pending before the state appellate court.

On January 6, 2026, Rager filed a state habeas petition. *See Rager v. State of Nevada*, Case No. A-26-936501-W. A hearing is currently set for September 2026 in his state habeas proceedings. On January 16, 2026, Rager filed a federal habeas petition in a separate habeas case in this Court. *See Rager v. Dzurenda*, Case No. 2:26-cv-00112-JAD-DJA. The Court dismissed his federal habeas petition without prejudice as unexhausted.

**II.    Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Here, Rager's claims are wholly unexhausted. A state defendant seeking federal habeas relief must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *E.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764–67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). As a general rule, a federal court will not entertain a petition

2

seeking intervention in an ongoing state criminal proceeding absent extraordinary circumstances, even when a petitioner's claims were otherwise fully exhausted in the state courts. *E.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

No extraordinary circumstances are presented here. Rager's petition is dismissed without prejudice to Rager seeking relief in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after Rager exhausts all state court remedies.[2]

**III.   Conclusion**

**IT THEREFORE IS ORDERED:**

1. Petitioner Gregory James Rager's petition for writ of habeas corpus (ECF No. 1-1) is dismissed without prejudice.

2. The motion for appointment of counsel and motion for temporary restraining order (ECF Nos. 1-2, 2) are denied as moot.

3. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.  No response is required from respondents other than to respond to any orders of a reviewing court.

4. Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

---

[2] Rager at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of the Court is directed to enter final judgment accordingly and close this case.

DATED THIS 26th day of June, 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4